proposing, negotiating, pricing, or performing the contract or modification, in order to evaluate the accuracy, completeness, and currency of the cost or pricing data. The right of examination shall extend to all documents necessary to permit adequate evaluation of the cost or pricing data submitted, along with the computations and projections used.

(c) Reports. If the Contractor is required to furnish cost, funding, or performance reports, the Contracting Officer or representatives of the Contracting Officer who are employees of the Government shall have the right to examine and audit books, records, other documents, and supporting materials, for the purpose of evaluating (1) the effectiveness of the Contractor's policies and procedures to produce data compatible with the objectives of these reports and (2) the data reported.

(d) Availability. The Contractor shall make available at its office at all reasonable times the materials described in paragraphs (a) and (b) above, for examination, audit, or reproduction, until 3 years after final payment under this contract, or for any shorter period specified in Subpart 4.7, Contractor Records Retention, of the Federal Acquisition Regulation, or for any longer period required by statute or by other clauses of this contract. In addition—

(1) If this contract is completely or partially terminated, the records relating to the work terminated shall be made available for 3 years after any resulting final termination settlement; and

(2) Records relating to appeals under the Disputes clause or to litigation or the settlement of claims arising under or relating to this contract shall be made available until such appeals, litigation, or claims are disposed of.

(e) Except as otherwise provided in FAR Subpart 4.7, Contractor Records Retention, the Contractor may transfer computer data in machine readable form from one reliable computer medium to another. The Contractor's computer data retention and transfer procedures shall maintain the integrity, reliability, and security of the original data. The contractor's choice of form or type of materials described in paragraphs (a), (b), and (c) of this clause affects neither the Contractor's obligations nor the Government's rights under this clause.

(f) The Contractor shall insert a clause containing all the terms of this clause, including this paragraph (f), in all subcontracts over $10,000 under this contract, altering the clause only as necessary to identify properly the contracting parties and the Contracting Officer under the Government prime contract.

16. FAR 52.215-22 PRICE REDUCTION FOR DEFECTIVE COST OR PRICING DATA (JAN 1991)

(a) If any price, including profit or fee, negotiated in connection with this contract, or any cost reimbursable under this contract, was increased by any significant amount because (1) the Contractor or a subcontractor furnished cost or pricing data that were not complete, accurate, and current as certified in its Certificate of Current Cost or Pricing Data, (2) a subcontractor or prospective subcontractor furnished the Contractor cost or pricing data that were not complete, accurate, and current as certified in the Contractor's Certificate of Current Cost or Pricing Data, or (3) any of these parties furnished data of any description that were not accurate, the price or cost shall be reduced accordingly and the contract shall be modified to reflect the reduction.

(b) Any reduction in the contract price under paragraph (a) above due to defective data from a prospective subcontractor that was not subsequently awarded the subcontract shall be limited to the amount, plus applicable overhead and profit markup, by which (1) the actual subcontract or (2) the actual cost to the Contractor, if there was no subcontract, was less than the prospective subcontract cost estimate submitted by the Contractor; provided, that the actual subcontract price was not itself affected by defective cost or pricing data.

(c) (1) If the Contracting Officer determines under paragraph (a) of this clause that a price or cost reduction should be made, the Contractor agrees not to raise the following matters as a defense:

JApp 00042

(i) The Contractor or subcontractor was a sole source supplier or otherwise was in a superior bargaining position and thus the price of the contract would not have been modified even if accurate, complete, and current cost or pricing data had been submitted.

(ii) The Contracting Officer should have known that the cost or pricing data in issue were defective even though the Contractor or subcontractor took no affirmative action to bring the character of the data to the attention of the Contracting Officer.

(iii) The contract was based on an agreement about the total cost of the contract and there was no agreement about the cost of each item procured under the contract.

(iv) The Contractor or subcontractor did not submit a Certificate of Current Cost or Pricing Data.

(2) (i) Except as prohibited by subdivision (c)(2)(ii) of this clause, an offset in an amount determined appropriate by the Contracting Officer based upon the facts shall be allowed against the amount of a contract price reduction if—

(A) The Contractor certifies to the Contracting Officer that, to the best of the Contractor's knowledge and belief, the Contractor is entitled to the offset in the amount requested; and

(B) The Contractor proves that the cost or pricing data were available before the date of agreement on the price of the contract (or price of the modification) and that the data were not submitted before such date.

(ii) An offset shall not be allowed if—

(A) The understated data was known by the Contractor to be understated when the Certificate of Current Cost or Pricing Data was signed; or

(B) The Government proves that the facts demonstrate that the contract price would not have increased in the amount to be offset even if the available data had been submitted before the date of agreement on price.

(d) If any reduction in the contract price under this clause reduces the price of items for which payment was made prior to the date of the modification reflecting the price reduction, the Contractor shall be liable to and shall pay the United States at the time such overpayment is repaid

(1) Simple interest on the amount of such overpayment to be computed from the date(s) of overpayment to the Contractor to the date the Government is repaid by the Contractor at the applicable underpayment rate effective for each quarter prescribed by the Secretary of the Treasury under 26 U.S.C. 6621(a)(2); and

(2) For Department of Defense contracts only, a penalty equal to the amount of the overpayment, if the Contractor or subcontractor knowingly submitted cost or pricing data which were incomplete, inaccurate, or noncurrent.

del

~~17. FAR 52.215-23 PRICE REDUCTION FOR DEFECTIVE COST OR PRICING DATA—MODIFICATIONS~~ (DEC 1991)

(a) This clause shall become operative only for any modification to this contract involving a pricing adjustment expected to exceed $100,000, or for the Department of Defense, the National Aeronautics and Space Administration, and the Coast Guard, except that this clause does not apply to any modification for which the price is—

(1) Based on adequate price competition;

(2) Based on established catalog or market prices of commercial items sold in substantial quantities to the general public; or

(3) Set by law or regulation.

JApp 00043

(b) If any price, including profit or fee, negotiated in connection with any modification under this clause, or any cost reimbursable under this contract, was increased by any significant amount because (1) the Contractor or a subcontractor furnished cost or pricing data that were not complete, accurate, and current as certified in its Certificate of Current Cost or Pricing Data, (2) a subcontractor or prospective subcontractor furnished the Contractor cost or pricing data that were not complete, accurate, and current as certified in the Contractor's Certificate of Current Cost or Pricing Data, or (3) any of these parties furnished data of any description that were not accurate, the price or cost shall be reduced accordingly and the contract shall be modified to reflect the reduction. This right to a price reduction is limited to that resulting from defects in data relating to modifications for which this clause becomes operative under paragraph (a) above.

(c) Any reduction in the contract price under paragraph (b) above due to defective data from a prospective subcontractor that was not subsequently awarded the subcontract shall be limited to the amount, plus applicable overhead and profit markup, by which (1) the actual subcontract or (2) the actual cost to the Contractor, if there was no subcontract, was less than the prospective subcontract cost estimate submitted by the Contractor; provided, that the actual subcontract price was not itself affected by defective cost or pricing data.

(d) (1) If the Contracting Officer determines under paragraph (b) of this clause that a price or cost reduction should be made, the Contractor agrees not to raise the following matters as a defense:

(i) The Contractor or subcontractor was a sole source supplier or otherwise was in a superior bargaining position and thus the price of the contract would not have been modified even if accurate, complete, and current cost or pricing data had been submitted.

(ii) The Contracting Officer should have known that the cost or pricing data in issue were defective even though the Contractor or subcontractor took no affirmative action to bring the character of the data to the attention of the Contracting Officer.

(iii) The contract was based on an agreement about the total cost of the contract and there was no agreement about the cost of each item procured under the contract.

(iv) The Contractor or subcontractor did not submit a Certificate of Current Cost or Pricing Data.

(2) (i) Except as prohibited by subdivision of (d)(2)(ii) of this clause, an offset in an amount determined appropriate by the Contracting Officer based upon the facts shall be allowed against the amount of a contract price reduction if—

(A) The Contractor certifies to the Contracting Officer that, to the best of the Contractor's knowledge and belief, the Contractor is entitled to the offset in the amount requested; and

(B) The Contractor proves that the cost or pricing data were available before the date of agreement on the price of the contract (or price of the modification) and that the data were not submitted before such date.

(ii) An offset shall not be allowed if—

(A) The understated data was known by the Contractor to be understated when the Certificate of Current Cost or Pricing Data was signed; or

(B) The Government proves that the facts demonstrate that the contract price would not have increased in the amount to be offset even if the available data had been submitted before the date of agreement on price.

(e) If any reduction in the contract price under this clause reduces the price of items for which payment was made prior to the date of the modification reflecting the price reduction, the Contractor shall be liable to and shall pay the United States at the time such overpayment is repaid

JApp 00044

(1) Simple interest on the amount of such overpayment to be computed from the date(s) of overpayment to the Contractor to the date the Government is repaid by the Contractor at the applicable underpayment rate effective for each quarter prescribed by the Secretary of the Treasury under 26 U.S.C. 6621(a)(2); and

(2) For Department of Defense contracts only, a penalty equal to the amount of the overpayment, if the Contractor or subcontractor knowingly submitted cost or pricing data which were incomplete, inaccurate, or noncurrent.

18. <u>FAR 52.215-24 SUBCONTRACTOR COST OR PRICING DATA (DEC 1991)</u>

(a) Before awarding any subcontract expected to exceed $100,000, or for the Department of Defense, the National Aeronautics and Space Administration, and the Coast Guard, expected to exceed $500,000, when entered into, or before pricing any subcontract modification involving a pricing adjustment expected to exceed $100,000, or for the Department of Defense, the National Aeronautics and Space Administration, and the Coast Guard, expected to exceed $500,000, the Contractor shall require the subcontractor to submit cost or pricing data (actually or by specific identification in writing), unless the price is—

(1) Based on adequate price competition;

(2) Based on established catalog or market prices of commercial items sold in substantial quantities to the general public; or

(3) Set by law or regulation.

(b) The Contractor shall require the subcontractor to certify in substantially the form prescribed in Subsection 15.804-4 of the Federal Acquisition Regulation (FAR) that, to the best of its knowledge and belief, the data submitted under paragraph (a) above were accurate, complete, and current as of the date of agreement on the negotiated price of the subcontract or subcontract modification.

(c) In each subcontract that exceeds $100,000, or for the Department of Defense, the National Aeronautics and Space Administration, and the Coast Guard, in each subcontract that exceeds $500,000, when entered into, the Contractor shall insert either—

(1) The substance of this clause, including this paragraph (c) if paragraph (a) above requires submission of cost or pricing data for the subcontract; or

(2) The substance of the clause at FAR 52.215-25, Subcontractor Cost or Pricing Data—Modifications.

deleted

~~19. FAR 52.215-25 SUBCONTRACTOR COST OR PRICING DATA—MODIFICATIONS (DEC 1991)~~

(a) The requirements of paragraphs (b) and (c) of this clause shall (1) become operative only for any modification to this contract involving a pricing adjustment expected to exceed $100,000, or for the Department of Defense, the National Aeronautics and Space Administration, and the Coast Guard, expected to exceed $500,000, and (2) be limited to such modifications.

(b) Before awarding any subcontract expected to exceed $100,000, or $500,000 for the Department of Defense, the National Aeronautics and Space Administration, and the Coast Guard, when entered into, or pricing any subcontract modification involving a pricing adjustment expected to exceed $100,000, or for the Department of Defense, the National Aeronautics and Space Administration, and the Coast Guard, expected to exceed $500,000, the Contractor shall require the subcontractor to submit cost or pricing data (actually or by specific identification in writing), unless the price is—

(1) Based on adequate price competition;

(2) Based on established catalog or market prices of commercial items sold in substantial quantities to the general public; or

(3) Set by law or regulation.

JApp 00045

(c) The Contractor shall require the subcontractor to certify in substantially the form prescribed in Subsection 15.804-4 of the Federal Acquisition Regulation (FAR) that, to the best of its knowledge and belief, the data submitted under paragraph (b) above were accurate, complete, and current as of the date of agreement on the negotiated price of the subcontract or subcontract modification.

(d) The Contractor shall insert the substance of this clause, including this paragraph (d), in each subcontract that exceeds $100,000, or for the Department of Defense, the National Aeronautics and Space Administration, and the Coast Guard, in each subcontract that exceeds $500,000, when entered into.

20. FAR 52.215-26 INTEGRITY OF UNIT PRICES (APR 1991) AND ALTERNATE I (APR 1991)

(a) Any proposal submitted for the negotiation of prices for items of supplies shall distribute costs within contracts on a basis that ensures that unit prices are in proportion to the items' base cost (e.g., manufacturing or acquisition costs). Any method of distributing costs to line items that distorts unit prices shall not be used. For example, distributing costs equally among line items is not acceptable except when there is little or no variation in base cost. Nothing in this paragraph requires submission of cost or pricing data not otherwise required by law or regulation.

(b) The requirement in paragraph (a) of this clause does not apply to any contract or subcontract item of supply for which the unit price is, or is based on, an established catalog or market price for a commercial item sold in substantial quantities to the general public. A price is based on a catalog or market price only if the item being purchased is sufficiently similar to the catalog or market price commercial item to ensure that any difference in price can be identified and justified without resort to cost analysis.

(c) The Offeror/Contractor shall also identify those supplies which it will not manufacture or to which it will not contribute significant value when requested by the Contracting Officer. The information shall not be required for commercial items sold in substantial quantities to the general public when the price is, or is based on, established catalog or market prices.

(d) The Contractor shall insert the substance of this clause, less paragraph (c), in all subcontracts.

ALTERNATE I (APR 1991). As prescribed in 15.812-2(b), substitute the following paragraph (c) for paragraph (c) of the basic clause:

(c) The Offeror/Contractor shall also identify those supplies which it will not manufacture or to which it will not contribute significant value. This information is not required for commercial items sold in substantial quantities to the general public when the price is, or is based on, established catalog or market prices.

21. FAR 52.215-27 TERMINATION OF DEFINED BENEFIT PENSION PLANS (SEP 1989)

The Contractor shall promptly notify the Contracting Officer in writing when it determines that it will terminate a defined benefit pension plan or otherwise recapture such pension fund assets. If pension fund assets revert to the Contractor or are constructively received by it under a termination or otherwise, the Contractor shall make a refund or give a credit to the Government for its equitable share as required by FAR 31.205-6(j)(4). The Contractor shall include the substance of this clause in all subcontracts under this contract which meet the applicability requirement of FAR 15.804-8(e).

22. FAR 52.215-30 FACILITIES CAPITAL COST OF MONEY (SEP 1987)

NOTE: This clause applies to this contract only if the contract is subject to the cost principles for contracts with commercial organizations, Subpart 31.2.

(a) Facilities capital cost of money will be an allowable cost under the contemplated contract, if the criteria for allowability in subparagraph 31.205-10(a)(2) of the Federal Acquisition Regulation are met. One of the allowability criteria requires the prospective contractor to propose facilities capital cost of money in its offer.

(b) If the prospective Contractor does not propose this cost, the resulting contract will include the clause Waiver of Facilities Capital Cost of Money.

~~23. FAR 52.215-31 WAIVER OF FACILITIES CAPITAL COST OF MONEY (SEP 1987)~~ deleted

NOTE: This clause applies to this contract only if the contract is subject to the cost principles for contracts with commercial organizations, Subpart 31.2.

The Contractor did not include facilities capital cost of money as a proposed cost of this contract. Therefore it is an unallowable cost under this contract.

24. FAR 52.215-33 ORDER OF PRECEDENCE (JAN 1986)

Any inconsistency in this solicitation or contract shall be resolved by giving precedence in the following order: (a) the Schedule (excluding the specifications); (b) representations and other instructions; (c) contract clauses; (d) other documents, exhibits, and attachments; and (e) the specifications.

25. DEAR 952.216-7 ALLOWABLE COST AND PAYMENT (JUL 1991)

(a) Invoicing. The Government shall make payments to the Contractor when requested as work progresses, but (except for small business concerns) not more often than once every 2 weeks, in amounts determined to be allowable by the Contracting Officer in accordance with Subpart 31 of the Federal Acquisition Regulation (FAR) as supplemented by Subpart 931 of the Department of Energy Acquisition Regulation (DEAR), in effect on the date of this contract and the terms of this contract. The Contractor may submit to an authorized representative of the Contracting Officer, in such form and reasonable detail as the representative may require, an invoice or voucher supported by a statement of the claimed allowable cost for performing this contract.

(b) Reimbursing costs. (1) For the purpose of reimbursing allowable costs (except as provided in subparagraph (2) below, with respect to pension, deferred profit sharing, and employee stock ownership plan contributions), the term "costs" includes only—

(i) Those recorded costs that, at the time of the request for reimbursement, the Contractor has paid by cash, check, or other form of actual payment for items or services purchased directly for the contract;

(ii) When the Contractor is not delinquent in paying costs of contract performance in the ordinary course of business, costs incurred, but not necessarily paid, for—

(A) Materials issued from the Contractor's inventory and placed in the production process for use on the contract;

(B) Direct labor;

(C) Direct travel;

(D) Other direct in-house costs; and

(E) Properly allocable and allowable indirect costs, as shown in the records maintained by the Contractor for purposes of obtaining reimbursement under Government contracts; and

(iii) The amount of progress payments that have been paid to the Contractor's subcontracts under similar cost standards.

(2) Contractor contributions to any pension or other post-retirement benefit, profit-sharing, or employee stock ownership plan funds that are paid quarterly or more often may be included in indirect costs for payment purposes; provided, that the Contractor pays the contribution to the fund within 30 days after the close of the period covered. Payments made 30 days or more after the close of a period shall not be included until the Contractor actually makes the payment. Accrued costs for such contributions that are paid less often

than quarterly shall be excluded from indirect costs for payment purposes until the Contractor actually makes the payment.

(3) Notwithstanding the audit and adjustment of invoices or vouchers under paragraph (g) below, allowable indirect costs under this contract shall be obtained by applying indirect cost rates established in accordance with paragraph (d) below.

(4) Any statements in specifications or other documents incorporated in this contract by reference designating performance of services or furnishing of materials at the Contractor's expense or at no cost to the Government shall be disregarded for purposes of cost-reimbursement under this clause.

(c) Small business concerns. A small business concern may be paid more often than every 2 weeks and may invoice and be paid for recorded costs for items or services purchased directly for the contract, even though the concern has not yet paid for those items or services.

(d) Final indirect cost rates. (1) Final annual indirect cost rates and the appropriate bases shall be established in accordance with Subpart 42.7 of the Federal Acquisition Regulation (FAR) in effect for the period covered by the indirect cost rate proposal.

(2) The Contractor shall, within 90 days after the expiration of each of its fiscal years, or by a later date approved by the Contracting Officer, submit to the cognizant Contracting Officer responsible for negotiating its final indirect cost rates and, if required by agency procedures, to the cognizant audit activity proposed final indirect cost rates for that period and supporting cost data specifying the contract and/or subcontract to which the rates apply. The proposed rates shall be based on the contractor's actual cost experience for that period. The appropriate Government representative and Contractor shall establish the final indirect cost rates as promptly as practical after receipt of the Contractor's proposal.

(3) The Contractor and the appropriate Government representative shall execute a written understanding setting forth the final indirect cost rates. The understanding shall specify (i) the agreed-upon final annual indirect cost rates, (ii) the bases to which the rates apply, (iii) the periods for which the rates apply, (iv) any specific indirect cost items treated as direct costs in the settlement, and (v) the affected contract and/or subcontract, identifying any with advance agreements or special terms and the applicable rates. The understanding shall not change any monetary ceiling, contract obligation, or specific cost allowance or disallowance provided for in this contract. The understanding is incorporated into this contract upon execution.

(4) Failure by the parties to agree on a final annual indirect cost rate shall be a dispute within the meaning of the Disputes clause.

(e) Billing rates. Until final annual indirect cost rates are established for any period, the Government shall reimburse the Contractor at billing rates established by the Contracting Officer or by an authorized representative (the cognizant auditor), subject to adjustment when the final rates are established. These billing rates—

(1) Shall be the anticipated final rates; and

(2) May be prospectively or retroactively revised by mutual agreement, at either party's request, to prevent substantial overpayment or underpayment.

(f) Quick-closeout procedures. When the Contractor and Contracting Officer agree, the quick-closeout procedures of Subpart 42.7 of the FAR may be used.

(g) Audit. At any time or times before final payment, the Contracting Officer may have the Contractor's invoices or vouchers and statements of cost audited. Any payment may be (1) reduced by amounts found by the Contracting Officer not to constitute allowable costs or (2) adjusted for prior overpayments or underpayments.

(h) Final payment. (1) The Contractor shall submit a completion invoice or voucher, designated as such, promptly upon completion of the work, but no later than one year (or

longer, as the Contracting Officer may approve in writing) from the completion date. Upon approval of that invoice or voucher, and upon the Contractor's compliance with all terms of this contract, the Government shall promptly pay any balance of allowable costs and that part of the fee (if any) not previously paid.

(2) The Contractor shall pay to the Government any refunds, rebates, credits, or other amounts (including interest, if any) accruing to or received by the Contractor or any assignee under this contract, to the extent that those amounts are properly allocable to costs for which the contractor has been reimbursed by the Government. Reasonable expenses incurred by the Contractor for securing refunds, rebates, credits, or other amounts shall be allowable costs if approved by the Contracting Officer. Before final payment under this contract, the Contractor and each assignee whose assignment is in effect at the time of final payment shall execute and deliver--

(i) An assignment to the Government, in form and substance satisfactory to the Contracting Officer, of refunds, rebates, credits, or other amounts (including interest, if any) properly allocable to costs for which the Contractor has been reimbursed by the Government under this contract; and

(ii) A release discharging the Government, its officers, agents, and employees from all liabilities, obligations, and claims arising out of or under this contract, except--

(A) Specified claims stated in exact amounts, or in estimated amounts when the exact amounts are not known;

(B) Claims (including reasonable incidental expenses) based upon liabilities of the Contractor to third parties arising out of the performance of this contract; provided, that the claims are not known to the Contractor on the date of the execution of the release, and that the Contractor gives notice of the claims in writing to the Contracting Officer within 6 years following the release date or notice of final payment date, whichever is earlier; and

(C) Claims for reimbursement of costs, including reasonable incidental expenses, incurred by the Contractor under the patent clauses of this contract, excluding, however, any expenses arising from the Contractor's indemnification of the Government against patent liability.

~~26. FAR 52.216-8 FIXED FEE (APR 1984)~~ Deleted

_____NOTE: This clause applies to this contract only if the contract makes provision for the payment of a fixed fee.

(a) The Government shall pay the Contractor for performing this contract the fixed fee specified in the Schedule.

(b) Payment of the fixed fee shall be made as specified in the Schedule; provided, that after payment of 85 percent of the fixed fee, the Contracting Officer may withhold further payment of fee until a reserve is set aside in an amount that the Contracting Officer considers necessary to protect the Government's interest. This reserve shall not exceed 15 percent of the total fixed fee or $100,000, whichever is less.

~~27. FAR 52.216-11 COST CONTRACT--NO FEE (APR 1984)~~ Deleted

NOTE: This clause applies to this contract only if the contract makes no provision for the payment of a fee.

(a) The Government shall not pay the Contractor a fee for performing this contract.

(b) After payment of 80 percent of the total estimated cost shown in the Schedule, the Contracting Officer may withhold further payment of allowable cost until a reserve is set aside in an amount that the Contracting Office considers necessary to protect the Government's interest. This reserve shall not exceed one percent of the total estimated cost shown in the Schedule or $100,000, whichever is less.

JApp 00049

28. DEAR 952.217-70 ACQUISITION OF REAL PROPERTY (APR 1984)

(a) Notwithstanding any other provision of the contract, the prior approval of the contracting officer shall be obtained when, in performance of this contract, the contractor acquires or proposes to acquire use of real property by: (1) Purchase, on the Government's behalf or in the contractor's own name, with title eventually vesting in the Government.

(2) Lease, and the Government assumes liability for, or will otherwise pay for the obligation under the lease as a reimbursable contract cost.

(3) Acquisition of temporary interest through easement, license or permit, and the Government funds the entire cost of the temporary interest.

(b) Justification of and execution of any real property acquisitions shall be in accordance and compliance with directions provided by the contracting officer.

(c) The substance of this clause, including this paragraph (c), shall be included in any subcontract occasioned by this contract under which property described in paragraph (a) of this clause shall be acquired.

29. FAR 52.219-8 UTILIZATION OF SMALL BUSINESS CONCERNS AND SMALL DISADVANTAGED BUSINESS CONCERNS (FEB 1990)

(a) It is the policy of the United States that small business concerns and small business concerns owned and controlled by socially and economically disadvantaged individuals shall have the maximum practicable opportunity to participate in performing contracts let by any Federal agency, including contracts and subcontracts for subsystems, assemblies, components, and related services for major systems. It is further the policy of the United States that its prime contractors establish procedures to ensure the timely payment of amounts due pursuant to the terms of their subcontracts with small business concerns and small business concerns owned and controlled by socially and economically disadvantaged individuals.

(b) The Contractor hereby agrees to carry out this policy in the awarding of subcontracts to the fullest extent consistent with efficient contract performance. The Contractor further agrees to cooperate in any studies or surveys as may be conducted by the United States Small Business Administration or the awarding agency of the United States as may be necessary to determine the extent of the Contractor's compliance with this clause.

(c) As used in this contract, the term "small business concern" shall mean a small business as defined pursuant to section 3 of the Small Business Act and relevant regulations promulgated pursuant thereto. The term "small business concern owned and controlled by socially and economically disadvantaged individuals" shall mean a small business concern (1) which is at least 51 percent unconditionally owned by one or more socially and economically disadvantaged individuals; or, in the case of any publicly owned business, at least 51 per centum of the stock of which is unconditionally owned by one or more socially and economically disadvantaged individuals; and (2) whose management and daily business operations are controlled by one or more of such individuals. This term also means a small business concern that is a least 51 percent unconditionally owned by an economically disadvantaged Indian tribe or Native Hawaiian Organization, or a publicly owned business having at least 51 percent of its stock unconditionally owned by one of these entities which has its management and daily business controlled by members of an economically disadvantaged Indian tribe or Native Hawaiian Organization, and which meets the requirements of 13 CFR 124. The Contractor shall presume that socially and economically disadvantaged individuals include Black Americans, Hispanic Americans, Native Americans, Asian-Pacific Americans, Subcontinent Asian Americans, and other minorities, or any other individual found to be disadvantaged by the Administration pursuant to section 8(a) of the Small Business Act. The Contractor shall presume that socially and economically disadvantaged entities also include Indian Tribes and Native Hawaiian Organizations.

(d) Contractors acting in good faith may rely on written representations by their subcontractors regarding their status as either a small business concern or a small business concern owned and controlled by socially and economically disadvantaged individuals.

JApp 00050