**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JACOBS ENGINEERING GROUP INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | ) | No. 02-1500C<br>(Judge George W. Miller) |

**PLAINTIFF JACOBS ENGINEERING GROUP INC.'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Plaintiff, Jacobs Engineering Group Inc., by counsel, pursuant to Rule 56(h)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), respectfully submits the following Proposed Findings of Uncontroverted Fact in support of Plaintiff's Motion for Summary Judgment.

A. Background

1. In August of 1994, Jacobs Engineering Group Inc. ("Jacobs") purchased CRS Sirrine Engineers, Inc. ("CRS") of Greenville, South Carolina and all of CRS's rights and obligations under various and miscellaneous contracts, including Contract No. DE-AC21-92MC-28202 with the United States Department of Energy ("DOE" or "Government") in the estimated amount of $28,750,374 for the development, design, fabrication, construction and installation of a coal gasification improvement facility in Morgantown, West Virginia (the "Contract"). J.App. 1-166.[1]

[1] Citation to "J.App." refers to the accompanying Appendix to Plaintiff's Motion for Summary Judgment.

B. Relevant Contract Provisions

2. The Contract provided for a cost-sharing arrangement between the parties based on total completion as follows: Government (80%) and Contractor (20%). Part I, Section B, Clause B.0007(S) Cost-Sharing Arrangement (Apr 1984) of the Contract states as follows:

> A. Estimated Cost. The total estimated cost for the work to be accomplished under this contract is $28,750,374 (See the clause entitled "Cost-Sharing Contract – No Fee" or "Cost-Sharing Contract – No Fee – Alternate I").
>
> B. Cost-Sharing. The Contractor and the Government agree to share the cost of the effort for Phase I and Phase II as follows:

| | Government 80% | Contractor 20% | Total 100% |
|---|---|---|---|
| Phase I | $19,850,784 | $4,962,696 | $24,813,480 |
| Phase II | $3,149,515 | $787,379 | $3,936,894 |
| Total | $23,000,299 | $5,750,075* | $28,750,374 |

*Includes foregone fee in the amount of $1,181,594 for Phase I and $169,531 for Phase II. J.App. 00003.

* * *

3. Part II, Section I, Clause I. 20a, FAR 52.216-12(A), Cost-Sharing No Fee (Apr 1984) of the Contract states with respect to fee under a Cost-Sharing Arrangement:

> The Government shall not pay to the Contractor a fee for performing this Contract.

J.App. 00121.

4. The Contract also contained a standard termination for convenience clause. Part II, Section I, General Clause 73, FAR 52.249-6, Termination (Cost Reimbursement) (May 1986) of the Contract states in relevant part:

* * *

(g) If the Contractor and the Contracting Officer fail to agree in whole or in part on the amount of costs and /or fee to be paid because of the termination of work, the Contracting Officer shall determine, on the basis of information available, the amount, if any, due the Contractor, and shall pay that amount, which shall include the following:

(1) All costs reimbursable under this contract, not previously paid, for the performance of this contract before the effective date of the termination, and part of those costs that may continue for a reasonable time with the approval of or as directed by the Contracting Officer; however, the Contractor shall discontinue these costs as rapidly as practicable.

* * *

(4) A portion of the fee payable under the contract, determined as follows:

(i) If the contract is terminated for the convenience of the Government, the settlement shall include a percentage of the fee equal to the percentage of completion of work contemplated under the contract, but excluding subcontract effort included in subcontractors' termination proposals, less previous payments for fee.

* * *

(m) The provisions of this clause relating to fee are inapplicable if this contract does not include a fee.

J.App. 00097-00100.

C. Termination for Convenience

5. On or about August 2, 1995, the Government terminated the Contract for convenience due to significant DOE funding reductions for coal research and development and directed the Contractor to stop work, terminate subcontractors, and place no further orders except to complete Revision 1 process design of Task 5. J.App. 00176.

6. On or about July 31, 1996, Jacobs submitted a termination settlement proposal to the Government, in the amount of $1,542,197, for reimbursement of all

unpaid costs under the Contract. The requested amount of $1,542,197 was calculated by deducting payments made to Jacobs totaling $5,579,583 from the total of Jacobs' claimed performance costs of $7,121,780, which includes $565,450 as fee for Jacobs and its subcontractors. Jacobs' fee was $338,365 and its subcontractors' fee for D.B. Riley and Physical Sciences Inc. was $214,346 and $12,739, respectively. J.App. 178, 183, 204, 238.

7. Unable to negotiate a settlement, on April 29, 2002, Jacobs submitted a certified request for final decision of the Contracting Officer for reimbursement of all unpaid costs under the Contract in the amount of $1,542,197. J. App. 262-264.

8. On September 13, 2002, following a DCAA audit, the Contracting Officer issued a final decision concluding that Jacobs was entitled to a payment of $72,176.83 (or 80% of its unpaid total costs of performance). The Contracting Officer's final decision was calculated based upon the following findings of fact:

| | |
|---|---|
| Total Costs of Performance | $7,064,721.79 |
| DOE Share (80%) | 5,651,777.43 |
| Jacobs Share (20%) | 1,412,944.36 |
| DOE Payments | 5,579,600.60 |

The amount determined due Jacobs by the Contracting Officer of $72,176.83 was calculated by deducting DOE payments totaling $5,579,600.60 from DOE's share of the total costs of performance of $5,651,777.43. J.App. 00173.[2]

[2] Jacobs believes the correct amount of payments is $5,579,582.60. J.App. 00189. There is also a minor difference between the parties related to total costs of performance ($7,121,780 versus $7,064,722). However, given these nominal differences, for purposes of its Summary Judgment Motion related to damages, Jacobs will accept the Government's determinations for DOE payments as well as total costs of performance in order to avoid any disputes over these facts.

9. On January 12, 2005, this Court issued an Opinion and Order on the parties' cross-motions for summary judgment. In its ruling, the Court upheld the Contracting Officer's final decision dated September 12, 2002, that the cost-sharing provision survives the termination for convenience by the Government, and therefore, Jacobs was only entitled to 80 percent of its total costs of performance not previously paid and no fee pursuant to FAR 52.249-6(g) and (m). J.App. 265-274.

10. On January 19, 2006, the United States Court of Appeals for the Federal Circuit, in *Jacobs Engineering Group Inc. v. United States*, Case No. 05-5052, reversed this Court's Opinion and Order dated February 12, 2005. The Federal Circuit ruled that the Government's decision to terminate the Contract for convenience invalidated the cost-sharing provision and that Jacobs was entitled to recover all or 100 percent of its costs, rather than 80 percent. The Federal Circuit remanded to this Court for an award of damages. J.App. 275-280.

11. On January 31, 2006, the Department of Energy Board of Contract Appeals, in *Jacobs Engineering Group Inc.*, EBCA No. C-0510394, rendered a ruling on Appellant's Motion for Summary Judgment finding that Jacobs was entitled to be paid $72,176.83, plus interest pursuant to the Contracting Officer's final decision dated September 12, 2002. The Board's determination that $72,176.83 was due and owed was calculated by deducting payments made to Jacobs totaling $5,579,583 from DOE's 80 percent share of the total reimbursable costs of $5,651,777.43 (or 80% of $7,064,721.79). J.App. 281-283.

Respectfully submitted,

Robert J. Symon
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W.
12th Floor
Washington, D.C. 20036
(202) 393-7150

Counsel of Record for Plaintiff
JACOBS ENGINEERING GROUP INC.

July 14, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this 14th day of July 2006, via electronic and first-class mail, postage prepaid, to the following:

James W. Poirier
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Fax: (202) 514-7969

Robert J. Symon