IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JACOBS ENGINEERING GROUP, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-1500C |
| THE UNITED STATES, | ) | (Judge George W. Miller) |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO FINDINGS OF FACT PROPOSED BY PLAINTIFF

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims (RCFC"), defendant, the United States, respectfully submits this response to "Plaintiff Jacobs Engineering Group, Inc.'s Proposed Findings of Uncontroverted Fact" filed by the plaintiff, Jacobs Engineering Group, Inc. ("Jacobs") on July 14, 2006 ("Jacobs PFUF").

1. Admits.

2. Admits the allegations contained in Jacobs PFUF 2 to the extent supported by the contract provision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in Jacobs PFUF 2. A3-4 (text of cost-sharing provision).[1/]

Jacobs has quoted only a portion of the cost-sharing provision. A3-4.

Furthermore, the proposed finding seeks to characterize the contract provision. E.g., Jacobs PFUF 2 ("a cost-sharing

---

1 "A" refers to the appendix filed by Jacobs together with its motion for summary judgment on July 14, 2006.

arrangement between the parties based upon total completion") (emphasis added). It is difficult to discern what Jacobs means by its characterization. In any event, characterizations of contract provisions are statements of law – not fact.

3. Admits the allegations contained in Jacobs PFUF 3 to the extent supported by the contract provision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in Jacobs PFUF 3. A121.

Jacobs has quoted only a portion of the cited contract provision. A121.

Furthermore, the proposed finding seeks to characterize the contract provision. E.g., Jacobs PFUF 3 ("the Contract states with respect to fee under a Cost-Sharing Arrangement") (emphasis added). It is difficult to discern what Jacobs means by its characterization. In any event, characterizations of contract provisions are statements of law – not fact.

4. Admits the allegations contained in Jacobs PFUF 4 to the extent supported by the contract provision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in Jacobs PFUF 4.

Jacobs has quoted only a portion of the termination for convenience provision. A96-99.

Furthermore, the proposed finding seeks to characterize the contract provision. E.g., Jacobs PFUF 4 ("the Contract states in

relevant part") (emphasis added). It is not clear what Jacobs means by its characterization. In any event, characterizations of contract provisions are statements of law – not fact.

5. The allegations contained in Jacobs PFUF 5 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except that the United States admits that it terminated the contract for convenience on or about August 2, 1995. In any event, none of the other allegations in Jacobs PFUF 5 are material to the pending issues concerning damages.

6. The allegations contained in Jacobs PFUF 6 include plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. In particular, the United States objects to the sum total identified in Jacobs's settlement proposal as "$1,542,197 for reimbursement of all unpaid costs" (emphasis added). Some of the facts alleged are not material; for example, Jacobs describes the amount of past claims that differ from the amount now claimed by Jacobs. See Jacobs PFUF 8 n.2. Only the amount now claimed is relevant; Jacobs has abandoned its earlier claims by judicial admission. See Jacobs PFUF 8 n.2.

The United States admits that Jacobs now seeks $565,450 in fee for itself and two subcontractors (Jacobs: $338,365; D.B. Riley: $214,346; Physical Sciences, Inc.: $12,739). Jacobs Mot.

at 9 ("Included in Jacobs' total performance costs is fee of $565,450");[2] Jacobs PFUF 6 ("565,450 as fee for Jacobs and its subcontractors").

The United States admits that, in the Jacobs settlement proposal, Jacobs identified $565,450 in foregone fee, a deemed cost pursuant to the cost-sharing provision, A3, for itself and two subcontractors (Jacobs: $338,365; D.B. Riley: $214,346; Physical Sciences, Inc.: $12,739). See A172-73 (final decision discusses "foregone fee" proposed by Jacobs); see also A178,183, 204,238.

7. Denies, except admits that Jacobs submitted a claim for $1,542,197.59 on April 29, 2002. A262.

Contrary to the allegation in Jacobs PFUF 7, Jacobs did not characterize its claim as one for "all unpaid costs." A262 ("On July 31, 1996, Jacobs Engineering Group, Inc. ("JEG") submitted its Termination Settlement Proposal and supporting documentation in the amount of $1,542,197.59 under the above-referenced contract. . . . JEG requests that the Contracting Officer issue a final decision with respect to its Termination Settlement Proposal).

In fact, the claim included $565,450 in foregone fee, an accounting fiction authorized by the cost-sharing provision.

---

[2] "Jacobs Mot." refers to the motion for summary judgment filed by Jacobs, dated July 14, 2006.

A3,172-73,183,204,238.

8. The allegations contained in Jacobs PFUF 8 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits the allegations contained in Jacobs Jacobs PFUF 8 to the extent supported by the contract provision cited, which is the best evidence of its contents. A167-73.

Jacobs PFUF 8 is misleading. The principal way in which it is misleading are the several references to "unpaid total costs" and "total costs of performance." This language obscures the fact the total sums referenced included $565,450 in foregone fee, an accounting fiction authorized by the cost-sharing provision. A3,172-73,183,204,238.

In the final decision, the contracting officer applied the cost-sharing provision. A172-73. Accordingly, pursuant to the cost-sharing provision, the contracting officer considered foregone fee as a deemed cost relevant to the calculation of the cost-sharing formula. A172-73. However, the contracting officer expressly found that the $565,450 was <u>not</u> recoverable as fee. A172. The contracting officer has no reason to consider whether the $565,450 was an allowable cost, and made no finding with regard to that issue. In any event, fee is not an allowable cost, as a matter of law. 48 C.F.R. § 15.901 (distinguishing

"profit or fee" from cost); see 48 C.F.R. § 31.201-1 (describing cost generally); see generally 48 C.F.R. Part 31 (cost principles).

We note that in a footnote to Jacobs PFUF 8, Jacobs reduces its claim by a small amount by accepting the contracting officer's calculation of allowable costs plus foregone fee ($7,064,722) and the contracting officer's calculation of the amount previously paid to Jacobs ($5,579,600). We rely upon this judicial admissions in our cross motion for summary judgment.

9. The prior decision of this Court speaks for itself. A265-74. The characterizations of the opinion are legal interpretations, not statements of fact.

One particularly inaccurate characterization in Jacobs PFUF 9 is the statement that the Court held "the cost-sharing provision survives the termination for convenience" (emphasis added).

There was never any issue of the cost-sharing provision surviving or not surviving; the issue was whether the rights and limitations of the cost-sharing provision were incorporated by reference into the phrase "all costs reimbursable under the contract" in subsection 52.249-6(g)(1). In short, the issue was whether to read the two provisions together.

The mis-characterization of the Court's earlier decision reflects Jacobs's argument, in its brief, that the termination

for convenience required that the contract be reformed, and that certain contract provisions be deleted and added. As demonstrated in our cross motion for summary judgment, these arguments lack merit.

10. The decision of the court of appeals speaks for itself. A275. The characterizations of the opinion are legal interpretations, not statements of fact. See Our Response To Jacobs PFUF 9.

The particularly inaccurate characterization in Jacob PFUF 10 states that the court of appeals ruled that the termination for convenience "invalidated the cost-sharing provision" (emphasis added). This is not so. As demonstrated in our cross motion for summary judgment, the court of appeals merely interpreted the contract and concluded that the cost-sharing provision should not be incorporated by reference into the phrase "all costs reimbursable under the contract" in subsection 52.249-6(g)(1). Instead, the court of appeals ruled that that phrase cross referenced the regulatory definitions of allowable costs.

Again, Jacobs is seeking support its legal theory that a termination for convenience results in a reformation of the contract. This contention lacks merit, for the reasons set forth in our cross motion for summary judgment.

11. The decision of the board of contract appeals speaks for itself. A281-83. The characterizations of the opinion are

legal interpretations, not statements of fact. See Our Responses To Jacobs PFUF 9 and 10.

We address the board's decision in detail in our cross motion for summary judgment.

The particularly inaccurate characterization contained in Jacobs PFUF 11 is the statement that the board determined "total reimbursable costs." It is not clear that the board made any determination regarding any amounts of dollars; it is more accurate to state that the board recited, in general terms, the findings of the contracting officer in the final decision. See A282. In any event, Jacobs PFUF 11 obscures the fact that the contracting officer applied the cost-sharing provision, and that, pursuant to the terms of the cost-sharing agreement, the total amount before application of the .8 multiplier included $565,450 in foregone fee, an accounting fiction authorized by the cost-sharing provision. A3,172-73,183,204,238. Similarly, Jacobs PFUF 11 obscures the fact that the board recognized that the contracting officer applied the cost-sharing provision when making the calculations in the final decision. A282.

All these matters are discussed in detail in our cross motion for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

S/ David M. Cohen
DAVID M. COHEN
Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-307-6289
Fax: 202-514-7969

October 2, 2006 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on October 2, 2006, a copy of the foregoing "DEFENDANT'S RESPONSE TO FINDINGS OF FACT PROPOSED BY PLAINTIFF" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier