NO. 02-1500C

(Judge George W. Miller)

---

IN THE UNITED STATES COURT OF THE FEDERAL CLAIMS

---

JACOBS ENGINEERING GROUP, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S SECOND SUPPLEMENTAL APPENDIX

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: (202) 307-6289
Fax: (202) 514-7969

November 21, 2006

Attorneys for Defendant

# INDEX TO THE SECOND SUPPLEMENTAL APPENDIX


PAGE

Page 18 of the initial brief filed by Jacobs in the United States Court of Appeals for the Federal Circuit, dated April 15, 2005 . . . . . . . . . . . . . . . . . . . 443

it in the Contract. In lieu of this express language, the Contract states the cost-sharing arrangement applies *if the Contractor* terminates the Contract (A 25); leading the reasonable person to conclude that the cost-sharing provision would not apply in the event of a termination by the Government. The Government failed to include language in the Contract to inform the Contractor of its intent to apply the cost-sharing arrangement in the event the Government terminated the Contract. The opportunity existed, and therefore, in the absence of such language, the equities of a termination for convenience requiring full reimbursement should control. As a result of the Government's termination of the Contract, the equities of a termination for convenience entitle Jacobs to reimbursement for its total costs of performance under the Contract.[3]

## CONCLUSION

For the foregoing reasons, it is Jacobs' contention that the CFC erroneously granted summary judgment in favor of the Government and concluding that the cost-sharing provision applied in the event of a termination for convenience. Conversely, the CFC erroneously denied Jacobs' motion for summary judgment and that Appellant is entitled to judgment as a matter of law. Therefore, this Court is respectfully requested to order that the United States Court of Federal Claims Order and Judgment be reversed and recommend judgment be entered in favor of

[3] Jacobs is not appealing the CFC decision on fee.

CERTIFICATE OF FILING

I hereby certify that on November 21, 2006, a copy of the foregoing "DEFENDANT'S SECOND SUPPLEMENTAL APPENDIX" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier