**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| Jacobs Engineering Group, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 02-1500C |
| | ) | (Judge Miller) |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR COSTS AND PLAINTIFF'S REQUEST FOR SANCTIONS**

Plaintiff Jacobs Engineering Group, Inc., by counsel, hereby objects to Defendant's Motion for Costs filed with this Court on April 4, 2007, and in support thereof, respectfully states:

1. On September 15, 2006, Defendant served upon Plaintiff a purported Offer of Judgment pursuant to RCFC 68. The amount of Defendant's 'offer' was $919,672.00. This exact amount is not in controversy in this matter and has been admitted and stipulated to by Defendant as due and owing from Defendant to Plaintiff. See Defendant's Proposed Findings of Uncontroverted Fact, filed October 2, 2006.

2. The only issue and amount presently in controversy in this matter is Plaintiff's entitlement to fee in excess of the stipulated $919,672.00.

3. Defendant's purported Offer in Judgment was no more than an offer to pay Plaintiff an amount already acknowledged by Defendant as due and owing to Plaintiff. The purpose of RCFC 68 is to provide "an incentive for plaintiffs to settle a case when presented with an attractive offer, especially under circumstances 'in which there is a strong probability that the plaintiff will obtain a judgment but the amount of recovery is uncertain.'" *Prowest Diversified, Inc. v. U.S*, 40 Fed. Cl. 879, 881 (1998), citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346,

352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981).

4. An offer in judgment to pay an amount already acknowledged as due and owing hardly constitutes "an attractive offer." It is, in fact, not an offer but an obligation -- an obligation that the United States has no business parlaying into a tactic to avoid litigation on truly unrelated issues.

5. Accordingly, Defendant's contention that costs should be assessed because "the judgment finally obtained by the offeree is not more favorable than the offer" is no more than a contrivance and abuse of RCFC 68 and Defendant's Motion for Costs should be denied.

6. Plaintiff further contends that Defendant's filing of its Motion to Assess Costs is abusive in that it constitutes a legal contention unwarranted by existing law and presents the Court with allegations with no evidentiary support.

7. As a result of Defendant's having filed its Motion, Plaintiff has been forced to incur attorneys' fees to prepare and file a response. Pursuant to RCFC 11(b)(2), such attorneys' fees should be assessed against Defendant.

WHEREFORE, Plaintiff respectfully requests the Court deny Defendant's Motion and impose sanctions against Defendant in the amount of Plaintiff's attorneys' fees incurred in responding to Defendant's Motion.

April 12, 2007

Respectfully submitted,

/s Robert J. Symon
ROBERT J. SYMON
Bradley Arant Rose & White LLP
1133 Connecticut Avenue NW
12th Floor
Washington, D.C. 20036
(202) 393-7150
Counsel of Record for Plaintiff
JACOBS ENGINEERING GROUP, INC.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 12th day of April, 2007, a true and correct copy of the foregoing Defendant's Opposition to Motion For Costs and Plaintiff's Request For Sanctions was served by electronic delivery to:

James W. Poirier, Esq.
U.S. Department of Justice
1100 L St., NW, Eighth Floor
Washington, DC 20005
E-mail: James.Poirier@usdoj.gov

*Counsel for the United States*

/s Robert J. Symon
ROBERT J. SYMON
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, NW, 12th Floor
Washington, D.C. 20036
(202) 393-7150

Counsel of Record for Plaintiff
JACOBS ENGINEERING GROUP, INC.