IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JACOBS ENGINEERING GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-1500C |
| | ) | |
| THE UNITED STATES, | ) | (Judge George W. Miller) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR COSTS
AND DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff, Jacobs Engineering Group, Inc. ("Jacobs"), has offered no substantial response to our motion for costs. Jacobs has ignored the plain meaning of Rule 68 of the Rules of the Court of Federal Claims ("RCFC"), and has mis-stated the holdings of the two cases cited in its response. Furthermore, Jacobs has waived any challenge to our calculation of the amount of costs owed by failing to address quantum. Thus, we respectfully request that the Court grant our motion for costs, in the amount of $246.

Jacobs appears to suggest two reasons why it should be excused from paying costs: (1) Rule 68 is not available after liability has been judicially established, and (2) an offer of judgment must not only satisfy the criteria of Rule 68, it must also be an "attractive offer." Neither contention has merit. Furthermore, Jacobs has offered no legal authority to support either contention.

The motion for sanctions filed by Jacobs is frivolous. Our motion for costs was merely a mechanical application of the Court's rules. Jacobs has failed to identify any flaw in our motion – much less any violation of RCFC 11. We respectfully request that the motion for sanctions by Jacobs be denied.

## I. Rule 68 Mandates An Award Of Costs

Rule 68 provides that the recipient of an offer of judgment must pay costs if the recipient obtains a judgment in its favor, but the recipient fails to obtain a judgment that is more favorable than the offer:

> If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

RCFC 68 (emphasis added); see Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981) (rule applies only when the recipient obtains a judgment in the recipient's favor).

In this case, Jacobs obtained a judgment in its favor, and the judgment was not more favorable than our offer; therefore, Jacobs "must pay the costs incurred after the making of the offer." RCFC 68 (emphasis added); accord Delta Air Lines, 450 U.S. at 352 (rule applies when the recipient obtains a judgment in the recipient's favor).

In its response, Jacobs offers no cogent argument that the judgment was not more favorable than our offer. Indeed, there is no reasonable basis for any dispute: the amount of the offer and the amount of the judgment are obviously identical.

All the material criteria of Rule 68 have been met in this case. Jacobs obtained a judgment. The judgment obtained was not more favorable than the offer of judgment made by the United States. Thus, the United States is entitled to the award of costs incurred after the offer of judgment.

## II. <u>Rule 68 Applies Even After Liability Is Established</u>

In its response, Jacobs seeks to draw a distinction between an offer of judgment and an obligation. While the precise contention is unclear, it appears that Jacobs contends that Rule 68 does not apply after liability has been judicially established:

> An offer in judgment to pay an amount already acknowledged as due and owing hardly constitutes "an attractive offer." It is, in fact, <u>not an offer but an obligation</u> – an obligation that the United States has no business parlaying into a tactic to avoid litigation on truly unrelated issues.
>
> Accordingly, Defendant's contention that costs should be assessed because "the judgment finally obtained by the offeree is not more favorable than the offer" is no more than a contrivance and abuse of RCFC 68 and Defendant's Motion for Costs should be denied.

Jacobs Resp. at 1-2 (emphasis added).[1] Jacobs cites no legal authority to support its novel interpretation of Rule 68.

In any event, Jacobs's interpretation is directly contradicted by the plain meaning of Rule 68. The rule expressly states that an offer of judgment may be made even when liability has already been established (i.e., an "obligation" exists):

> When the liability of one party to another has been determined by order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

RCFC 68 (emphasis added); accord Delta Air Lines, 450 U.S. at 350 ("The Rule applies to settlement offers made by the defendant in two situations: (a) before trial, and (b) in a bifurcated proceeding, after the liability of the defendant has been determined by verdict or order or judgment.").

Indeed, the Supreme Court has suggested that the procedures of Rule 68 are especially appropriate after liability has been established – as it was in this case. While only dicta, there is

[1] "Jacobs Resp." refers to "Plaintiff's opposition to defendant's motion for costs and plaintiff's request for sanctions," filed by Jacobs on April 12, 2007.

discussion in Delta Air Lines addressing hypothetical facts that closely mirror the facts of this case:

> This incentive is most clearly demonstrated by the situation in which the defendant's liability has been established "by verdict or [order or] judgment" – or perhaps by an admission – and the only substantial issue to be tried concerns the amount of the judgment. In that context, the opportunity to avoid the otherwise almost certain liability for costs should motivate realistic settlement offers by the defendant, and the risk of losing the right to recover costs provides the plaintiff with an additional reason for preferring settlement to further litigation.

Id. at 352 n.9 (brackets and emphasis added).

The vague suggestion by Jacobs that Rule 68 cannot be invoked after liability has been established lacks merit.

III. There Is No "Attractive Offer" Requirement

Jacobs appears to contend further that the offer of judgment served by the United States did not qualify as an offer of judgment for the purposes of Rule 68 because the offer was only for the amount that the United States believed itself to be liable:

> The amount of Defendant's "offer" was $919,772.00. This exact amount is not in controversy in this matter and has been admitted and stipulated to by Defendant as due and owing from Defendant to Plaintiff.
>
> . . . An offer in judgment to pay an amount already acknowledged as due and owing hardly constitutes "an attractive offer." It is, in

> fact, not an offer but an obligation – an obligation that the United States has no business parlaying into a tactic to avoid litigation on truly unrelated issues.

Jacobs Resp. at 1-2 (emphasis added). According to Jacobs, it was not sufficient for the United States to make a reasonable and realistic offer of judgment; instead, according to Jacobs, the United States could only invoke Rule 68 by making an "attractive offer." Id.

This contention has no basis in the law. The plain meaning of Rule 68 provides a simple way to evaluate whether costs should be awarded: does the amount of the judgment exceed the amount of the offer. RCFC 68. Nothing in the text of the rule suggests that there is any need to make an additional demonstration that the offer was "attractive."

Jacobs cites Delta Air Lines and Prowest (in cryptic fashion) as support for its "attractive offer" requirement. Jacobs Resp. at 1. However, neither case supports any "attractive offer" requirement.

First, the words "attractive offer" do not appear in the Delta Air Lines decision. Moreover, the holding of the case does not turn upon whether the offer was attractive.

In Delta Air Lines, the Supreme Court held that Rule 68 does not apply when judgment is entered in favor of the offeror. In

reaching this conclusion, the Supreme Court relied upon the text of the rule itself. Delta Air Lines, 450 U.S. at 350-52 (rule applies only when the recipient obtains a judgment in the recipient's favor). The Supreme Court further supported its ruling with a discussion of the purposes of Rule 68, and concluded that both the plain meaning and history of Rule 68 demonstrated that it was not meant as a cost-shifting mechanism in cases where the offeror won the case. Id. at 352-362.

While only dicta, there is discussion in Delta Air Lines addressing hypothetical facts that closely mirror the facts of this case. But this discussion supports the position of the United States in this matter – not the "attractive offer" requirement suggested by Jacobs:

> This incentive is most clearly demonstrated by the situation in which the defendant's liability has been established "by verdict or [order or] judgment" – or perhaps by an admission – and the only substantial issue to be tried concerns the amount of the judgment. In that context, the opportunity to avoid the otherwise almost certain liability for costs should motivate realistic settlement offers by the defendant, and the risk of losing the right to recover costs provides the plaintiff with an additional reason for preferring settlement to further litigation.

Id. at 352 n.9 (brackets and emphasis added).

The other case cited in Jacobs's response did use the phrase "attractive offer," in passing, in the text of the decision, but

the Court never suggested that Rule 68 included some independent "attractive offer" criterion. Prowest Diversified, Inc. v. United States, 40 Fed. Cl. 879, 881-83 (1998). Instead, the Court merely made a general characterization about the purpose of Rule 68 before articulating its reasons for holding that attorney fees pursuant to the Equal Access To Justice Act, 28 U.S.C. § 2412(b) ("EAJA"), should be added to the compensatory damages in order to calculate the total "judgment" that should be compared to the amount of the offer of judgment. Prowest, 40 Fed. Cl. at 881-83.

The holding of Prowest is irrelevant to this case because Jacobs is not eligible for EAJA fees, and has not sought EAJA fees.

In summary, the plain meaning of Rule 68 requires that the Court merely compare the amount of the judgment with the amount of the offer of judgment. In this case, it is undisputed that the amount of the judgment in favor of Jacobs did not exceed the amount of the offer of judgment. Thus, Jacobs must pay our costs incurred after the offer of judgment. RCFC 68.

IV. The Motion For Sanctions Lacks Any Rational Basis

Jacobs is vague about the basis for its motion for sanctions:

> An offer in judgment to pay an amount already acknowledged as due and owing hardly constitutes "an attractive offer." It is, in fact, not an offer but an obligation – an obligation that the United States has no business parlaying into a tactic to avoid litigation on truly unrelated issues.
>
> Accordingly, Defendant's contention that costs should be assessed because "the judgment finally obtained by the offeree is not more favorable than the offer" is no more than a contrivance and abuse of RCFC 68 and Defendant's Motion for Costs should be denied.
>
> Plaintiff further contends that Defendant's filing of its Motion to Assess Costs is abusive in that it constitutes a legal contention unwarranted by existing law and presents the Court with allegations with no evidentiary support.

Jacobs Resp. at 1-2 (emphasis added).

Certain aspects of this argument can be quickly refuted. For example, the only material factual issue is whether the judgment was more favorable than the offer. While Jacobs asserts that there is "no evidentiary support" for the position of the United States, the opposite is true: it is undisputed that the judgment did not exceed the offer.

Similarly, the claim by Jacobs that our construction of Rule 68 is a "contention unwarranted by existing law" is nonsense. Our legal position is fully supported by the plain meaning of the rule itself. RCFC 68; see Delta Air Lines, 450 U.S. at 350-52.

The only remaining allegation by Jacobs is that the United States made an offer of judgment as "a tactic to avoid litigation on truly unrelated issues." Jacobs Resp. at 2. Even assuming for the sake of argument that the United States hoped to avoid litigation by making an offer of judgment, Jacobs has not articulated how such action could or did violate Rule 11.

First, the purpose of Rule 68 is to encourage the parties to forego unnecessary litigation. See Delta Air Lines, 450 U.S. at 352, n. 9 ("should motivate realistic settlement offers").

Second, it is difficult to discern how the threat that $246 in costs might be imposed upon Jacobs could create undue duress causing Jacobs to abandon its claim for fee in the amount of $565,450, plus interest.

Third, to the extent that the possibility of incurring a liability for $246 in costs might reasonably have been viewed as a credible incentive to abandon Jacobs's claim for fee, it was not unreasonable, inequitable, or abusive for the United States to create this incentive. Specifically, we note that at the time that we made our offer of judgment, we were aware that the

contract expressly stated that no fee would be paid, that this Court had already ruled that no fee could be recovered, that Jacobs had expressly abandoned any claim for fee in a brief filed with the court of appeals, and that the court of appeals had issued a mandate that incorporated the prior ruling of this Court concerning fee.

In short, the United States did nothing wrong by making an offer of judgment. To the contrary, the interests of justice and judicial economy would have been well served if Jacobs had accepted our offer of judgment.

CONCLUSION

For the reasons stated above, our motion for costs should be granted, in the amount of $246, and the motion for sanctions filed by Jacobs should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

S/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

April 18, 2007 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on April 18 2007, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR COSTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier

No. 02-1500C
(Judge George W. Miller)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JACOBS ENGINEERING GROUP, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION FOR COSTS AND
DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

---

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

KATHRYN A. BLEECKER
Assistant Director

JAMES W. POIRIER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, NW, 8th Floor
Washington, D.C. 20530
Telephone: (202) 616-0856
Facsimile: (202) 514-7969
Attorneys for Defendant

April 18, 2007

## TABLE OF CONTENT


PAGE

TABLE OF AUTHORITIES ........................................ ii

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR COSTS AND DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS ........................................ 1

I. Rule 68 Mandates An Award Of Costs .................. 2

II. Rule 68 Applies Even After Liability Is Established ...................................... 3

III. There Is No "Attractive Offer" Requirement .......... 5

IV. The Motion For Sanctions Lacks Any Rational Basis ... 9

CONCLUSION .............................................. 11

# TABLE OF AUTHORITIES

## CASES

**PAGE(S)**

Delta Air Lines, Inc. v. August,
450 U.S. 346 (1981) ................................ **passim**

Prowest Diversified, Inc. v. United States,
40 Fed. Cl. 879 (1998) ................................ 6, 8

## STATUTES

28 U.S.C. § 2412(b) ........................................ 8

## RULES

Rule 11 ................................................ 10

Rule 68 ................................................ **passim**