# In the United States Court of Federal Claims

| | |
|---|---|
| JACOBS ENGINEERING GROUP, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 02-1500 C<br>Filed April 20, 2007 |

**ORDER**

This matter is before the Court on defendant's motion for costs (docket entry 87), plaintiff's opposition and request for sanctions (docket entry 88), and defendant's reply to plaintiff's response to defendant's motion for costs and response to plaintiff's motion for sanctions (docket entry 90).

Plaintiff filed a notice of appeal (docket entry 89) on April 12, 2007, from the judgment entered March 28, 2007 (docket entry 86).

"As a general proposition, once final judgment is entered and a timely notice of appeal has been filed, the trial court loses jurisdiction over the case except to act in aid of the appeal or to correct clerical errors." *Yachts Am., Inc. v. United States*, 8 Cl. Ct. 278, 280 (1985) (Mayer, J).

In view of the foregoing, the Court does hereby ORDER that the parties shall file briefs on the schedule set forth below directed to the question whether the Court has jurisdiction over defendant's motion for costs and plaintiff's motion for sanctions. In that regard, the parties shall address, *inter alia*, the implications of Federal Rule of Appellate Procedure 4(a)(4) (made applicable to the Court of Federal Claims by 28 U.S.C. § 2522 (2000), *see Maxus Energy Corp. v. United States*, 31 F.3d 1135, 1139 (1994)), Rules 58(c)(1) and (2) of the Rules of the United State Court of Federal Claims ("RCFC"), and RCFC 54(d)(1). The parties' briefs shall also address the question whether plaintiff has complied with RCFC 11(c)(1)(A) and, if not, what consequence(s) should follow.

Defendant's brief shall be filed and served by **Friday, May 4, 2007.** Plaintiff's brief shall be filed and served by **Friday, May 18, 2007.**

In view of the nature and extent of the issues as to which the Court has concluded that the parties should be required to file further briefs and in view of the very small amounts in controversy, to say nothing of the experience, reputation, and capabilities of counsel, the Court FURTHER ORDERS that the parties shall promptly confer with a view toward reaching an amicable resolution and withdrawal of the two motions. The parties shall file and serve a joint status report with respect to those discussions by **noon on Wednesday, April 25, 2007.** If the parties have not reached an amicable resolution and agreed to withdraw their respective motions by that time, each party shall, in such joint status report, (1) describe the issues that it believes divide the parties, (2) state its position with respect to each such issue, and (3) state the bases for its position.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge