**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JACOBS ENGINEERING GROUP INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | ) | No. 02-1500C<br>(Judge George W. Miller) |

**JACOBS ENGINEERING GROUP INC.'S MOTION FOR A DESIGNATION OF PARTIAL FINAL JUDGMENT WITH RESPECT TO $919,672 AWARD PLUS INTEREST AND AN ORDER DIRECTING THE UNITED STATES TO PAY SUCH JUDGMENT**

Pursuant to 28 U.S.C. § 2517, Plaintiff Jacobs Engineering Group Inc. ("Jacobs"), through its undersigned counsel, files this Motion For A Designation of Partial Final Judgment With Respect to $919,672 Award Plus Interest And An Order Directing The United States To Pay Such Judgment.

## I. STATEMENT OF RELEVANT FACTS

In *Jacobs Engineering Group Inc. v. United States*, 434 F.3d 1378 (Fed. Cir. 2006), the Federal Circuit reversed a decision of this Court, *Jacobs Engineering Group Inc. v. United States*, 63 Fed. Cl. 451 (2005), in which this Court held that a cost-sharing provision contained in a research and development contract remained in full force and effect even though the Government terminated the contract for its convenience. The Federal Circuit disagreed with this Court's interpretation of the contract, and remanded the case back to this Court for a determination on damages.

Following remand, Jacobs filed a motion for summary judgment in this Court seeking to recover its unpaid reimbursable contract costs in the amount of $1,485,122.

The Government cross-moved for summary judgment acknowledging that Jacobs was due and owed $919,672 of that amount, but arguing that the difference - $565,450 for Jacobs' fee claim - was not a reimbursable cost under the contract.

This Court issued an Opinion and Order on March 26, 2007, awarding Jacobs $919,672, plus interest, for Jacobs' damages resulting from the Government's termination for convenience. *Jacobs Engineering Group Inc. v. United States*, 75 Fed. Cl. 752 (2007). This Court denied Jacobs' separate claim for fee in the amount of $565,450.

The parties had stipulated that the Government owed Jacobs the $919,672, plus interest, before this Court issued its Opinion and Order. Indeed, in the Opinion and Order, this Court recognized that Jacobs' entitlement to $919,672, plus interest, was both undisputed and not at issue:

> [T]he Government concedes that plaintiff is entitled to recover 100 percent of its reimbursable costs. The parties agree that plaintiff is entitled to recover unreimbursed costs in the amount of $919,672 plus interest. . . . Because the parties agree that plaintiff incurred and is entitled to recover $919,672 in unreimbursed costs, the Court will focus solely on the $565,450 fee claimed by plaintiff.

75 Fed. Cl. at 756.

On March 28, 2007, this Court issued its Judgment pursuant to the March 26 Opinion and Order. The Judgment stated, in relevant part:

> Pursuant to the Published Opinion and Order, filed March 26, 2007, granting in part plaintiff's motion for summary judgment with respect to plaintiff's claim for additional costs, and denying in part the motion with respect to plaintiff's claim to recover a fee, and granting defendant's cross-motion for summary judgment,
>
> IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 58, that the plaintiff recover of and from the United States the sum of $919,672.00,

> plus interest pursuant to 41 U.S.C. § 611 (2000), from April 29, 2002, until the date of payment.

Judgment dated March 28, 2007 (copy attached as Exhibit "A").

Thereafter, Jacobs appealed the decision of this Court solely with respect to this Court's denial of Jacobs' $565,450 fee claim. Jacobs' appeal has been fully briefed and is pending. As with the parties' cross-motions for summary judgment before this Court, Jacobs' entitlement to $919,672, plus interest, is not in any way at issue in Jacobs' appeal. The Government still does not dispute that it owes Jacobs the $919,672 plus interest, nor does it possess any appeal rights at this juncture.

This Court issued its Opinion and Order more than eight months ago. Several times, Jacobs, through counsel, requested payment from the Government in the amount of $919,672 plus interest. Each time, the request was rejected due to Jacobs' appeal to the Federal Circuit on the fee issue. In refusing payment, the Government cites 28 U.S.C. § 2517 and states that "Payments of judgments against the United States only may be made with respect to final judgments, partial or otherwise." *See* most recent e-mail exchange between Robert Symon and James Poirier (copy attached as Exhibit "B").

## II. ARGUMENT

28 U.S.C. § 2517 provides:

> (a) Except as provided by the Contract Disputes Act of 1978, every final judgment rendered by the United States Court of Federal Claims against the United States shall be paid out of any general appropriation therefor, on presentation to the Secretary of the Treasury of a certification of the judgment by the clerk and chief judge of the court

> (b) Payment of any such judgment and of interest thereon shall be a full discharge to the United States of all claims and demands arising out of the matters involved in the case or controversy, **unless the judgment is designated a partial judgment, in which event only the matters described therein shall be discharged.**

(emphasis added).

As this Court has stated, 28 U.S.C. § 2517 "provides for the entry of partial final judgment, irrespective of whether the matter is pre- or post appeal." *National Australia Bank v. United States*, 74 Fed. Cl. 435, 438 (Fed. Cl. 2006). The $919,672 plus interest is not disputed. As this Court recognized, the Government long ago stipulated that it owed Jacobs this amount. Even if this were not the case, the Government has exhausted or otherwise waived any appeal rights it might have had with respect to challenging this Court's award of the $919,672, plus interest, to Jacobs. The $919,672, plus interest, is a definitive award amount that is, and always has been, wholly separable from Jacobs' $565,450 fee claim. Accordingly, "the government's liability . . . is fixed" as to the $919,672 determination and there is "no possibility of conflict." *Home Savings of America v. United States,* 69 Fed. Cl. 187, 192 (Fed. Cl. 2005) (entering partial final judgment on remand after concluding that specific damages award was fixed and beyond dispute such that it could be "treated as final for enforcement purposes"); *see also King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560, 1563 (Fed. Cir. 1987) (finding that District Court's decision to enter final judgment with respect to portion of damages award that had been affirmed on appeal while deferring controverted portion of damages award for later determination on remand: "[i]t was therefore not incorrect or an abuse of discretion for the trial judge to order execution on that portion of the judgment which was final, while reserving the issue [still in controversy]"). Accordingly, entry of partial final judgment is warranted with respect to the $919,672, plus interest.

## III. CONCLUSION

For the foregoing reasons, Jacobs respectfully requests that this Court issue partial final judgment with respect to the $919,672 award plus interest and an order directing the United States to pay such judgment.

Respectfully submitted,

/s/ Robert J. Symon

Robert J. Symon
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, NW, 12th Floor
Washington, D.C. 20036
(202) 393-7150
Counsel of Record for Plaintiff
JACOBS ENGINEERING GROUP INC.

December 20, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 20th day of December 2007, via electronic and first-class mail, postage prepaid, to the following:

James W. Poirier
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Fax: (202) 514-7969

/s/Robert J. Symon
Robert J. Symon