IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JACOBS ENGINEERING GROUP, INC., )
)
Plaintiff, )
)
v. ) No. 02-1500C
)
THE UNITED STATES, ) (Judge George W. Miller)
)
Defendant. )

DEFENDANT'S MOTION FOR LEAVE
TO FILE DEFENDANT'S RESPONSE TO
JACOBS ENGINEERING GROUP INC.'S MOTION
FOR A DESIGNATION OF PARTIAL FINAL JUDGMENT
WITH RESPECT TO $919,672 AWARD PLUS INTEREST AND AN
ORDER DIRECTING THE UNITED STATES TO PAY SUCH JUDGMENT

Pursuant to Rule 59(b) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court grant leave for the United States to file a response to "Jacobs Engineering Group Inc.'s motion for a designation of partial final judgment with respect to $919,672 award plus interest and an order directing the United States to pay such judgment," filed December 20, 2007 (Jacobs's motion).

Jacobs failed to identify RCFC 59 in its motion, but Jacobs's motion is subject to RCFC 59 because Jacobs seeks to amend the judgment. Pursuant to RCFC 59(b), the United States has no right to respond to Jacobs's motion without invitation of the Court. Moreover, our response may not be necessary because Jacobs's motion so obviously lacks merit. Nonetheless, our

response may aide the Court, and so we respectfully request leave to file it. A copy of our response is attached as an exhibit to this electronic filing.

For these reasons, we respectfully request that the Court grant us leave to file the attached response.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

January 2, 2008 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on January 2, 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE DEFENDANT'S RESPONSE TO JACOBS ENGINEERING GROUP INC.'S MOTION FOR A DESIGNATION OF PARTIAL FINAL JUDGMENT WITH RESPECT TO $919,672 AWARD PLUS INTEREST AND AN ORDER DIRECTING THE UNITED STATES TO PAY SUCH JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JACOBS ENGINEERING GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-1500C |
| | ) | |
| THE UNITED STATES, | ) | (Judge George W. Miller) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO
JACOBS ENGINEERING GROUP INC.'S MOTION
FOR A DESIGNATION OF PARTIAL FINAL JUDGMENT
WITH RESPECT TO $919,672 AWARD PLUS INTEREST AND AN
ORDER DIRECTING THE UNITED STATES TO PAY SUCH JUDGMENT

Pursuant to Rule 59(b) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court deny "Jacobs Engineering Group Inc.'s motion for a designation of partial final judgment with respect to $919,672 award plus interest and an order directing the United States to pay such judgment," filed December 20, 2007 (Jacobs's motion).

This Court lacks jurisdiction to consider Jacobs's motion; Jacobs's motion is untimely; and Jacobs's motion lacks merit.

I. The Court Lacks Jurisdiction To Consider Jacobs's Motion

Jacobs Engineering Group, Inc. (Jacobs) filed a notice of appeal on April 13, 2007. Thus, this Court was divested of jurisdiction to further consider the merits of the matters subject to the judgment entered in this case. Griggs v.

Provident Consumer Discount, 459 U.S. 56, 58 (1982); L.E.A. Dynatech v. Allina, 49 F.3d 1527, 1531 (Fed. Cir. 1995).

II. Jacobs's Motion Is Untimely

On March 28, 2007, the judgment was filed in this case. Pursuant to RCFC 59(e), any motion to alter or amend the judgment was due "no later than 10 days after entry of the judgment." RCFC 59(e). Jacobs's motion to amend the judgment by making a "Designation of Partial Final Judgment" was filed on December 20, 2007 -- many months too late. Jacobs has offered no suggestion of any good cause for its failure to follow the rules. Accordingly, assuming for the sake of argument that this Court possesses jurisdiction, we respectfully request that Jacobs's motion be denied as untimely.

III. Jacobs's Motion Lacks Merit

The United States may not pay a judgment until the judgment is final. 31 U.S.C. § 1304(a) (only final judgments may be paid from the Judgment Fund); 28 U.S.C. §2517(b) (payment of a judgment releases all claims); Globe Savings Bank v. United States, 74 Fed. Cl. 736, 741 (2006).

In its motion, Jacobs concedes that the United States may not pay a judgment until the judgment is final, and Jacobs concedes that the judgment entered by the Court on April 14, 2007 is not final. Nonetheless, Jacobs seeks immediate payment.

Jacobs seeks to evade the relevant statutes by requesting that the Court split the single judgment entered on April 14, 2007 into two judgments: one that is final, and one that is not final.

Jacobs's motion lacks merit. It is only permissible to enter partial final judgment when a claim is entirely separate from the other claims in dispute. E.g., Globe Savings Bank, 74 Fed. Cl. at 741; National Australia Bank v. United States, 74 Fed. Cl. 435, 439 (2006). In this case, Jacobs has consistently (and incorrectly) asserted that its "fee claim" is a claim for costs, and that the fee should be paid as a cost:

> Included in Jacobs' total performance costs is fee of $565,450. PPFF 6. Fee is a recoverable cost under the termination clause of the Contract when the Contract is terminated for convenience – which is the case here. PPFF 5. See FAR 52.249-6(g)(4)(i).

Jacobs's SJM at 9 (emphasis added).[1] In other words, Jacobs seeks to recover "fee" as cost damages pursuant to the same contract provision relied upon to claim the undisputed costs in the amount of $919,672. Thus, there are not two separate claims; there are merely two different damages calculation for the same

---

[1] "Jacobs's SJM" refers to the motion for summary judgment filed by Jacobs, dated July 14, 2006.

claim. It is not proper to enter partial summary judgment in such circumstances:

> Here, there was only one transaction, and ultimately, there will only be one correct calculation of damages. An appeal from a partial judgment would thus unavoidably duplicate liability and damages issues in the event of a subsequent appeal of the final judgment. Both judgments would arise out of a single indivisible transaction.

National Australia Bank, 74 Fed. Cl. at 439 (denying a motion for a final partial judgment).

## CONCLUSION

For these reasons, we respectfully request that the Court deny Jacobs's motion.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

January 2, 2008 Attorneys for Defendant