**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JACOBS ENGINEERING GROUP INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-1500C |
| | ) | (Judge George W. Miller) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JACOBS ENGINEERING GROUP INC.'S REPLY IN SUPPORT OF ITS MOTION FOR A DESIGNATION OF PARTIAL FINAL JUDGMENT WITH RESPECT TO $919,672 AWARD PLUS INTEREST AND AN ORDER DIRECTING THE UNITED STATES TO PAY SUCH JUDGMENT**

In its response to Jacobs' underlying motion, the Government argues that "because Jacobs seeks to amend the judgment," its motion is untimely and this Court lacks jurisdiction to consider it. Government's Response at 1-2. Jacobs, however, does not seek to *amend* a judgment by this Court. Jacobs seeks only to *enforce* a judgment by this Court; a judgment for a specific amount that the Government has never contested. There is no basis – either in law or in principle – for the Government to challenge Jacobs' right to be paid what the Government does not and, indeed, cannot dispute it owes Jacobs pursuant to this Court's judgment.

Jacobs is not asking this Court to, *e.g.*, "open the judgment", "take additional testimony," "amend findings of fact and conclusions of law," or "make new findings and conclusions." RCFC 59(a)(1). Jacobs is merely asking this Court to designate the undisputed portion of its March 28, 2007 judgment a partial judgment. Pursuant to 28 U.S.C. § 2517(b), Jacobs' motion to this Court is both proper and timely. *See National Australia Bank v. United States*, 74 Fed. Cl. 435, 438 (Fed. Cl. 2006) (28 U.S.C. § 2517 "provides for the entry of partial final judgment, irrespective of whether the matter is pre- or post appeal").

The Government also argues that this Court does not have discretion to enter final judgment with respect to the $919,672 determination because this amount is one of "two different damages calculation[s] for the same claim" and, therefore, it "is not proper to enter partial summary judgment." Government's Response at 3-4. In support of this argument, the Government relies on *National Australia Bank*. *Id.* Such reliance is misplaced because in that case, unlike here, there was "remaining uncertainty over the quantum to which plaintiff was entitled, something that [could] only be resolved after trial." *National Australia Bank,* 74 Fed. Cl. at 439. This Court concluded in *National Australia Bank* that it "would, therefore, be premature to enter judgment with respect to a portion of damages" and denied plaintiff's motion for partial judgment. *Id.* In this case, unlike *National Australia Bank,* "the government's liability . . . is fixed" as to the $919,672 determination and there is "no possibility of conflict." *Home Savings of America v. United States,* 69 Fed. Cl. 187, 192 (Fed. Cl. 2005) (entering partial final judgment on remand after concluding that specific damages award was fixed and beyond dispute such that it could be "treated as final for enforcement purposes"); *see also King Instrument Corp. v. Otari Corp.,* 814 F.2d 1560, 1563 (Fed. Cir. 1987) (finding that District Court's decision to enter final judgment with respect to portion of damages award that had been affirmed on appeal while deferring controverted portion of damages award for later determination on remand: "[i]t was therefore not incorrect or an abuse of discretion for the trial judge to order execution on that portion of the judgment which was final, while reserving the issue [still in controversy]"). Thus, it is not premature to award Jacobs the fixed $919,672 award plus interest.

Accordingly, Jacobs respectfully requests that this Court issue partial final judgment with respect to the $919,672 award plus interest and an order directing the United States to pay such judgment.

Respectfully submitted,

/s/ Robert J. Symon

Robert J. Symon
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, NW, 12th Floor
Washington, D.C. 20036
(202) 393-7150
Counsel of Record for Plaintiff
JACOBS ENGINEERING GROUP INC.

January 4, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this 4th day of January 2007, via electronic and first-class mail, postage prepaid, to the following:

James W. Poirier
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Fax: (202) 514-7969

/s/Robert J. Symon
Robert J. Symon